### BANK OF STEWART COUNTY *v.* MARDRE, administratrix, *et al.*

BECK, J.   1. While it may be true that where a holder of a policy of insurance payable, not to the estate of the insured, but to a named beneficiary, uses trust funds in his hands in payment of the premiums on the insurance, and where the amount of the policy upon the death of the insured is paid to the beneficiary, the proceeds of the policy thus paid to the beneficiary will be impressed with a trust in the hands of the beneficiary and can be subjected to the demands of the cestui que trust

to an amount equal to the premiums paid, and while an officer of a corporation, such as a cashier of a bank, who surreptitiously used the funds of the corporation in payment of premiums on a life-insurance policy, might be treated, relatively to the money so used, as a trustee ex maleficio, nevertheless where an officer of a bank (the cashier in the present case), although he had an overdraft on the books of the bank, checked out other moneys from the bank to pay his insurance premiums and regularly was accustomed to use the receipts for premiums paid as checks, and these receipts were charged against him on the books of the bank, and these practices were known to other officers and directors of the bank, and where subsequently to the payment of the premiums in this manner the bank through proper officials had a settlement with the cashier who had paid the premiums on his insurance policy in the manner indicated above, taking from him notes to cover his overdraft and indebtedness to the bank, with the exception of certain items overlooked, the items thus overlooked being other than his checks and receipts for premiums, the money thus paid upon the checks of the cashier and upon his receipts for premiums due on his policy of insurance, relatively to the bank and its right to be reimbursed for the funds so used, was an ordinary debt, and the money paid by the insurance company upon the policy of insurance to the beneficiary named therein was not so impressed with any trust in favor of the bank that it might, in a suit instituted therefor, claim the payment of the amount of the premiums as a trust fund traced into the hands of the beneficiary.

2. The foregoing rules the controlling question in the case; and upon the application of the principle there stated to the evidence offered by the plaintiff, a nonsuit was properly ordered.

*Judgment affirmed. All the Justices concur*

JULY 16, 1914.

Equitable petition. Before W. M. Harper, judge pro hac vice. Stewart superior court. April 24, 1913.

*Tomlinson Fort* and *Little, Powell, Hooper & Goldstein,* for plaintiff. *T. T. James* and *R. L. Maynard,* for defendants.